UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00033-10-JRG |
| | ) | |
| DAVID MILLER | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion for compassionate release [Doc. 443]. The Federal Defender Services of Eastern Tennessee notified the Court that it has reviewed Defendant's motion and does not intend to file a supplement. [Doc. 481]. The United States filed a motion for extension of time to file a response [Doc. 483], which will be **GRANTED**, and a response in opposition [Doc. 484]. As discussed below, Defendant's motion will be **DENIED**.

### I. BACKGROUND

In June 2019, Defendant pled guilty to conspiracy to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). [Docs. 75, 86]. The Court sentenced him to a total term of 115 months and eighteen (18) days, which included a downward adjustment of four (4) months and twelve (12) days pursuant to U.S.S.G § 5K2.23, to reflect a term of imprisonment Defendant had already served in a related state court case. [Doc. 295 at 2]. According to the Bureau of Prisons ("BOP"), Defendant has an expected release date in June 2026. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed Apr. 24, 2025).

Defendant now seeks compassionate release based on his medical conditions and ineffective assistance of counsel. [Doc. 443]. The United States maintains that compassionate release is not warranted because Defendant has not provided an extraordinary and compelling

reason for his release and the § 3553(a) sentencing factors weigh against a reduction. [Doc. 484].

**II.    DISCUSSION**

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), a district court is authorized to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[1]

Here, Defendant suggests that a sentence reduction is warranted because he has "an unstable and very serious medical condition." [*Id.* at 3]. In support of that claim, Defendant relates that he has suffered head injuries that led to a number of ongoing complaints, such as nerve damage, high blood pressure, heart disease, and depression. [*Id.*]. He also suffers from ulcers, neck and back pain, and poor vision, among other health problems. [*Id.*]. Because of his poor health, Defendant has been prescribed multiple medications while in BOP custody. [*Id.*].

A defendant's medical condition is an extraordinary and compelling reason for release if he suffers from  (A) "a terminal illness"; (B) "a serious physical or medical condition" that

---

[1] Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Defendant satisfied the exhaustion requirement as to his medical condition claim [Doc. 484-2]. He did not exhaust his claim based on ineffective assistance, but since the Court finds that the claim should be denied, the Court may rule on it. *See United States v. Vargas*, 854 F. App'x 70, 70–71 (7th Cir. 2021) (stating that a district court may deny a motion for compassionate release on the merits in lieu of addressing the exhaustion requirement).

"substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover"; or (C) "a medical condition that requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1). The Court recognizes that Defendant has significant health problems. However, he has not indicated that he suffers from a terminal illness or that he is unable to provide self-care. Nor has he shown that he has been deprived of necessary specialized medical care. On the contrary, BOP medical records show that Defendant's conditions are being monitored and treated. [*See* Doc. 485]. Hence, the Court does not find that Defendant's medical conditions present an extraordinary and compelling reason for a sentence reduction.

In addition, Defendant seeks release because his attorney failed to adequately object to the Presentence Report. [Doc. 443 at 4]. If his attorney had objected appropriately, Defendant argues, he would have received a lesser sentence. [*Id.*]. However, Defendant cannot pursue his ineffective assistance of counsel claim via a motion for compassionate release. *See United States v. Bass*, 2022 U.S. App. LEXIS 15490, 2022 WL 16752876, at *1 (6th Cir. June 3, 2022) ("[A] compassionate-release motion is not the proper vehicle for raising claims regarding ineffective assistance of counsel."). Instead, this claim must be raised in 28 U.S.C. § 2255 motion. *Spearman v. United States*, 43 F. App'x 906, 908 (6th Cir. 2002) ("[T]his court has consistently held that the proper vehicle for raising an ineffective assistance of counsel claim is in a motion to vacate under § 2255.").

### III. CONCLUSION

Because Defendant has not provided an extraordinary and compelling reason for a sentence reduction, the Court need not reach the § 3553(a) factors and Defendant's motion for

compassionate release [Doc. 443] is **DENIED**. As noted above, the United States's motion for extension of time to file its response [Doc. 483] is **GRANTED**.

So ordered.

ENTER:

                                              s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE